Herman T. VanMell, Chicago, Ill., Hill, Lewis, Andrews, Granse & Adams, Detroit, Mich., for plaintiff.

Nathan L. Milstein and Charles Rubiner, Detroit, Mich., for defendant.

**SUNBEAM CORPORATION, an Illinois corporation, Plaintiff,**

v.

**HALL OF DISTRIBUTORS, Incorporated, a Michigan corporation, Defendant.**

**No. 14000.**

United States District Court
E. D. Michigan, S. D.

July 20, 1956.

FREEMAN, District Judge.

This is an action by Sunbeam Corporation against Hall of Distributors, Incorporated, to enjoin the defendant from inducing plaintiff's wholesale and retail distributors to breach their fair-trade contracts with plaintiff and to account for profits derived by defendant, a nonsigner, and for damages suffered by plaintiff as a result of the alleged wrongful acts of defendant. A temporary injunction was issued by this court, D.C., 131 F.Supp. 791, which was later vacated on motion of defendant following decision of the Michigan Supreme Court in the case of Argus Cameras, Inc., v. Hall of Distributors, Inc., 343 Mich. 54, 72 N.W.2d 152.

Defendant now moves to dismiss the complaint on the ground that fair-trade agreements are contrary to the public policy of Michigan and are, therefore, unenforceable against defendant, a non-signer, at law or in equity.

Defendant contends that fair-trade contracts offend the public policy of Michigan as declared by the Supreme Court of Michigan in the Argus case and the earlier case of Shakespeare Co. v. Lippman's Tool Shop Sporting Goods Co., 334 Mich. 109, 54 N.W.2d 268, and argues that the basis of the ruling of the Michigan Supreme Court in the Argus case was that fair-trade contracts are in violation of Michigan public policy insofar as non-signers are concerned.

Plaintiff argues that the decision in the Argus case was limited to the specific situation there involved and that the state court merely held that the plaintiff had failed to state a case for equitable relief and contends that the complaint in the instant case does state a cause of action for money damages.

The sole question here is whether the complaint states a claim for which relief in the nature of an action at law for damages can be granted. The applicable substantive law is that of the State of Michigan.

The Michigan Supreme Court in the Shakespeare case held the Fair Trade Act of Michigan, Act No. 50, P.A.1937, C.L.1948, Sec. 445.151 et seq., Stat.Ann. 1951, Cum.Sup., Sec. 19.321 et seq., unconstitutional as applied to non-signers since such Act did not bear any reasonable relation to public health, safety, morals or the general welfare and therefore constituted a deprivation of property without due process of law prohibited by Article II, Sec. 16, of the Constitution of Michigan.

In the Argus case, [343 Mich. 54, 72 N.W.2d 154] the Michigan Supreme Court stated that the Shakespeare decision "laid down a principle of law, the fair implication of which is such that under the law of Michigan thus established" non-signers of so-called fair-trade agreements must not be enjoined from purchasing fair-trade products from signers, nor from selling such products at prices less than prices fixed by the manufacturer. In deciding the Argus case, the Michigan Supreme Court quoted with approval from 4 Restatement, Torts, Sec. 774, as follows:

"One is privileged by proper means to induce the nonperformance of a contract or bargain, the purpose or effect of which is to restrict his business opportunities in violation of a defined public policy."

If the Shakespeare decision, in holding the Michigan Fair Trade Act unconstitutional as applied to non-signers, establishes a principle of law which prohibits equitable relief against a non-signer charged with tortious interference with fair-trade agreements as stated in Argus, such principle of law is in effect a declaration of public policy against fair-trade contracts insofar as they affect the business opportunities of non-signers.

Sunbeam argues here, as in the case of Sunbeam Corp. v. Masters of Miami, Inc., 5 Cir., 225 F.2d 191, 196, which involved an identical situation, that the public policy which condemns attempts to prevent non-signers from selling below prices fixed by fair-trade contracts does not apply to attempts to prevent non-signers from buying fair-traded products below fair-trade contract prices, and the court in that case with respect to such argument said:

"But in all frankness, we see little merit in the attempted distinction relative to policy. Preventing non-signers from buying goods diminishes the scope of competition just as surely as preventing them from selling below list prices, though it is true that it is a more indirect way of accomplishing that object of the Fair Trade supporters."

The Michigan Supreme Court in Argus inferred that a non-signer is privileged to induce the non-performance of a fair-trade contract because of the public policy laid down in the Shakespeare case. In view of such public policy and the above principle of law set

forth in 4 Restatement, Torts, Sec. 774, quoted with approval in the Argus case, it would seem that a non-signer is privileged to induce the breach of his fair-trade contract, the purpose or effect of which is to restrict his business opportunities, and in so doing such conduct does not give rise to a cause of action in the manufacturer for tortious interference against the non-signer either at law or in equity.

The fact that the Michigan Supreme Court in Argus held that the bill of complaint failed to state a case for equitable relief and remanded the case to the trial court for further proceedings "if any," as pointed out by plaintiff, is of no particular importance since the appeal involved only the validity of a temporary injunctive order and the complaint, according to the opinion in that case, sought only equitable relief and therefore any expression by the court concerning Argus' rights in an action at law would have been nothing more than dicta.

The complaint should be dismissed and an appropriate order may be presented.